**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

AXENS NORTH AMERICA, INC.,

                                    Plaintiff,

        - against -

DURO FELGUERA CALDERERIA PESADA
SA a/k/a DF CALDERERIA PESADA, S.A.,

                                    Defendant.

---

Civil Case No.: 1:20-cv-07172-AJN


**STIPULATION AND ORDER FOR THE**
**PRODUCTION AND EXCHANGE OF**
**CONFIDENTIAL INFORMATION**

---

This matter having come before the Court by stipulation of plaintiff, Axens North America, Inc. ("Plaintiff" or "Axens") and defendant, Duro Felguera Caldereria Pesada, S.A. ("Defendant" or "DF") (collectively, the "Parties"), for the entry of a Protective Order limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by either Party and its respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below (the "Stipulation"); and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown.

IT IS hereby ORDERED that:

        1.      This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents, physical things, and information that the parties agree merit confidential treatment (hereinafter the "Documents").

        2.      Any Party or non-party may designate Confidential Discovery Material produced or given in this action as **"Confidential"**, either by notation on the document, statement on the

record of the deposition, written advice to the respective undersigned counsel for the Parties hereto and appropriate non-parties, or by other appropriate means.

     3.     As used herein:

     a.     **"Confidential Discovery Material"** shall mean information designated as **"Confidential"**, if such documents contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, be detrimental to the conduct of that Party's business or the business or any of that Party's customers or clients. Confidential Discovery Material shall not include information that (a) was or is public knowledge, not in violation of this Stipulation, such as material which is located in the public domain and is publicly available; (b) is acquired by the non-designating party from a third party having the right of disclosure of such Confidential Discovery Material; or (c) was lawfully possessed by the non-designating Party prior to entry by the Court of this Stipulation, unless pursuant to a separate nondisclosure agreement between the Parties hereto.

     b.     **"Producing Party"** shall mean the Parties to this action and any nonparties producing Confidential Discovery Material in connection with depositions, document productions, or otherwise, or the Party or non-party asserting the confidentiality privilege.

     c.     **"Receiving Party"** shall mean the Party to this action and/or any nonparty receiving Confidential Discovery Material in connection with depositions, document production, or otherwise.

     4.     Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Discovery Material designated as **"Confidential"** shall not be furnished, shown, or disclosed to any person or entity except:

a.      Personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b.      Counsel for the Parties to this action, including in-house counsel, and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c.      The author(s) or recipient(s) of such Confidential Discovery Material;

d.      Expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, provided, however, that such Confidential Discovery Material is furnished, shown or disclosed in accordance with paragraph 7 hereof;

e.      The Court and Court personnel;

f.      Court reporters, stenographers, videographers, and any necessary secretarial, clerical, or other personnel of same;

g.      Trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 8 through 10 hereof

h.      A court, administrative agency, or legislative body to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, except that the Party from which the Confidential Discovery Material is sought shall (a) give written notice by overnight mail and either e-mail or facsimile to the counsel for the Producing Party

within five (5) calendar days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) calendar days thereafter to object to the production of such Confidential Discovery Material if the Producing Party so desires; notwithstanding the foregoing, nothing in the subparagraph shall be construed as requiring any Party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body;

   i.  Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussion; and

   j.  Any other person as agreed to by the Parties.

  5.  Confidential Discovery Material shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and shall not be used for any business, commercial, competitive, personal, or other purposes.

  6.  Before any disclosure of Confidential Discovery Material is made to an expert witness or consultant pursuant to paragraphs 4(D), 4(I), or 5(C) hereof, counsel for the Receiving Party shall obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by the terms of this Stipulation.  Counsel for the Party obtaining the certificate shall retain a copy of the executed Exhibit A.

  7.  All deposition transcripts shall presumptively be treated as Confidential Discovery Material and subject to this Stipulation during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the Parties.  At or before the end of the thirty (30) day period, the deposition transcript or portions thereof shall be classified appropriately.  If no such classification is made, the deposition transcript or portions thereof shall not be considered to be Confidential Discovery Material.

8.     This Stipulation shall not preclude counsel for the Parties from using, during any deposition in this action, any documents or information which have been designated **"Confidential"** under the terms hereof.  Any witness who is given access to such Confidential Discovery Material shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto.  Counsel for the Party obtaining the certificate shall retain a copy of the certificate.  If a witness refuses to agree to be bound by the Stipulation, then the parties will work cooperatively to seek a ruling on the issue by the Court prior to the person's scheduled testimony.  While awaiting a ruling on the issue by the Court, no one may disclose **"Confidential"** material to the person in issue.

9.     Filing with the Court any Confidential Discovery Material shall be prohibited unless a) the filing Party notifies the Producing Party reasonably in advance; b) the material is reasonably considered relevant to an issue in the matter; and c) the Confidential Discovery Material is filed under seal in accordance with the Court's Rules.  Nothing contained in this Stipulation shall be construed to prejudice any Party's right to use Confidential Discovery Material at any hearing, trial, or appeal in this litigation.  The confidentiality of such materials shall be protected as determined and directed by the Court.

10.     The parties shall file any Confidential Discovery Material in accordance with the Court's Rules pertaining to the filing of such materials.

11.     Any Confidential Discovery Material that has been inadvertently produced without identification as to its "confidential" nature (as provided in this Stipulation), may be designated **"Confidential"** by the Party asserting the confidentiality by written notice to counsel for the Receiving Party within a reasonable time following the discovery that the Confidential Discovery Material has been produced without such designation.  The inadvertent failure by a Producing

Party to designate Confidential Discovery Material as **"Confidential"** shall not waive any such designation provided that the Producing Party follows the procedures in this Stipulation.

12.     If a Party believes that and Confidential Discovery Material does not constitute **"Confidential"** material, then that Party may challenge the designation by notifying counsel for the Producing Party in writing, identifying the Confidential Discovery Material contested, and articulating the reason(s) for challenging the designation.  The parties shall promptly confer in good faith and use their best efforts to resolve any designation challenge.  If the parties are unable to resolve the dispute within fourteen (14) days of the notice to the Producing Party of such challenge, or the Producing Party does not respond within such time, then the Party challenging the designation may request resolution of the dispute by the Court.  The Producing Party shall have the burden of showing that the designation is proper.  Pending resolution of the dispute, the Confidential Discovery Material shall be treated as originally designated by the Producing Party.

13.     The Parties agree that any documents that are inadvertently produced after the date of this Stipulation that would be protected from disclosure pursuant to any applicable privilege shall not constitute a waiver of the applicable privilege.  If any such document is inadvertently produced, the Receiving Party agrees that, upon request from the Producing Party, it will promptly return all copies of the document in its possession or destroy such documents and confirm their destruction to the Producing Party, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the Receiving Party returning such document has the right to apply to the Court for an order that such document is not protected from disclosure by any privilege.

14.     This Stipulation is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed

motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

15.     Absent prior written consent of all Producing Parties, this Stipulation shall continue to be binding after the conclusion of this litigation.

16.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

17.     At the conclusion of this action by settlement, jury verdict, judgment order, or otherwise, including exhaustion of any and all appeals, each Party so requested must either return all Confidential Discovery Materials to counsel that produced it, or must destroy it.  The return or destruction of Confidential Discovery Materials under this paragraph will include, without limitation, all copies and duplicates thereof.  The parties will certify, within 90 days of receipt of a written request for certification, or such other timeframe as agreed among the parties, that all Confidential Discovery Materials required to be returned or destroyed have been so returned or destroyed.  Unless otherwise ordered by the Court, this paragraph does not apply to (a) copies of pleadings or other papers that have been filed with the Court and that contain Confidential Discovery Materials; (b) work product; and (c) official deposition, trial, or other Court transcripts and exhibits thereto.  The terms and provisions of this Order will continue to apply to any such materials retained by counsel.

18.     This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to a different or additional protection for any particular material or information.

19.     It is further stipulated and agreed that this Stipulation may be executed by the parties in one or more counterparts, all of which taken together shall constitute one and the same instrument, and shall become effective immediately upon execution of counterparts by all parties. This Stipulation may be executed by the parties by facsimile or electronic signature, which signature shall be deemed original for the purposes of this Stipulation.


___/s/ Kimbrilee M. Weber_____

Kimbrilee M. Weber
Norris McLaughlin, P.A.
7 Times Square, 21st Floor
New York, NY 10036
Kmweber@norris-law.com
*Attorneys for plaintiff, Axens North America, Inc.*

Brian Dunning
Dunning Rievman LLP
1350 Broadway, Suite 2120
New York, NY 10018
bdunning@drdllplaw.com
*Attorneys for defendant, Duro Felguera Caldereria Pesada, S.A.*


                                                May
SO ORDERED this _7__ day of ~~April,~~ 2021.


Nothing in this Order affects the parties'
obligation to comply with Rule 4 of the
Court's Individual Practices in Civil Cases
governing redactions and filing under seal, or
with any of the Court's other Individual
Practices as relevant.  SO ORDERED.

_____
     Alison J. Nathan
     United States District Judge


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__5/10/2021__